RECORD NO. 14-1506

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

GREGORY SOMERS,

*Plaintiff-Appellant,*

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
an agency of the United States of America;
JACQUELINE A. BERRIEN;
NICHOLAS M. INZEO,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

(The Honorable Mary G. Lewis, U.S.D.J.)

## JOINT APPENDIX

Timothy J. Newton
Murphy & Grantland, PA
P.O. Box 6648
Columbia, SC 29260
(803) 782-4100 x1242
tnewton@murphygrantland.com

Terri Hearn Bailey
Office of the United
  States Attorney
1441 Main Street
Columbia, SC 29201
(803) 929-3080
terri.bailey@usdoj.gov

Daniel Tenny
Marleigh D. Dover
U.S. Department of Justice
Room 7215
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-1838
daniel.tenny@usdoj.gov
marleigh.dover@usdoj.gov

*Counsel for Appellant*

*Counsel for Appellees*

# TABLE OF CONTENTS

Page

District Court Docket Sheet (6:13-cv-257-MGL).......................................... 1

Plaintiff Gregory Somers' Complaint for Declaratory Relief, Compensatory
Damages, and Injunctive Relief with Attachments
    Filed January 28, 2013 [dkt1] .......................................................... 8
       Att. 1:    Verification of Complaint [dkt1-1] ................................ 23
       Att. 2:    Ex. A:  EEOC Memorandum 10/27/2011 [dkt6] ....................... 24
       Att. 3:    Ex. B:  EEOC Memorandum 11/9/2013 [dkt6-1] ....................... 26
       Att. 4:    Certificate of Service [dkt6-2]..................................... 28

Report & Recommendation of Magistrate Judge
    Entered February 21, 2014 [dkt32] .................................................. 29

Plaintiff's Motion to Amend with Attachment
    Filed March 24, 2014 [dkt39] ......................................................... 39
       Att.:      Proposed Amended Complaint with Exhibit A [dkt39-1]
              Ex. A:  Letter to Ms. Fuller from Mr. Somers 3/10/14
              [dkt39-1] ................................................................ 59

Order & Opinion Granting Motion to Dismiss for Failure to State a Claim
    Entered March 26, 2014 [dkt40] ..................................................... 60

Judgment in a Civil Case
    Entered March 26, 2014 [dkt41] ..................................................... 68

Plaintiff's Notice of Appeal
    Filed May 27, 2014 [dkt42] ........................................................... 69

# U.S. District Court
## District of South Carolina (Greenville)
## CIVIL DOCKET FOR CASE #: 6:13-cv-00257-MGL

| | |
|---|---|
| Somers v. Equal Employment Opportunity Commission et al | Date Filed: 01/28/2013 |
| Assigned to: Honorable Mary G Lewis | Date Terminated: 03/26/2014 |
| Case in other court: Fourth Circuit of Appeals, 14-01506 | Jury Demand: Plaintiff |
| Cause: 42:2000e Job Discrimination (Employment) | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Gregory Somers**                    represented by **Douglas A Churdar**
                                      Douglas A Churdar Law Office
                                      712 E Washington Street
                                      Greenville, SC 29601
                                      864-233-0203
                                      Fax: 864-233-3020
                                      Email: dachurdar@churdarlaw.com
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **Timothy J Newton**
                                      Murphy and Grantland
                                      PO Box 6648
                                      Columbia, SC 29260
                                      803-782-4100
                                      Email: tnewton@murphygrantland.com
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Equal Employment Opportunity**       represented by **Terri Hearn Bailey**
**Commission**                                        US Attorneys Office
*an agency of the United States of*                   1441 Main Street
*America*                                             Suite 500
                                                      Columbia, SC 29201
                                                      803-929-3000
                                                      Fax: 803-252-2759
                                                      Email: terri.bailey@usdoj.gov

1

Appeal: 14-1506    Doc: 14    Filed: 07/14/2014    Pg: 4 of 71

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Bradley Parker**
US Department of Justice
Civil Division Federal Programs Branch
PO Box 883
Washington, DC 20044
202-514-4336
Fax: 202-616-8202
Email: ryan.parker@usdoj.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jacqueline A Berrien**                    represented by  **Terri Hearn Bailey**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Ryan Bradley Parker**
                                                           (See above for address)
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Nicholas M Inzeo**                        represented by  **Terri Hearn Bailey**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Ryan Bradley Parker**
                                                           (See above for address)
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2013 | 1 | COMPLAINT against Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo (Filing fee $350 receipt number 0420-4527971), filed by Gregory Somers. (Attachments: # 1 Verification of Complaint)(kmca) Modified on 1/31/2013: see 6 EEOC memos (kmca). (Entered: 01/29/2013) |
| 01/28/2013 | 3 | Local Rule 26.01 Answers to Interrogatories by Gregory Somers.(kmca) (Entered: 01/29/2013) |

| | | |
|---|---|---|
| 01/29/2013 | 4 | Summons Issued as to Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo, U.S. Attorney and U.S. Attorney General (kmca) (Entered: 01/29/2013) |
| 01/29/2013 | 5 | Summons Reissued as to Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo, U.S. Attorney and U.S. Attorney General (to correct an address) (kmca) (Entered: 01/29/2013) |
| 01/30/2013 | 6 | Additional Attachments to Main Document 1 Complaint. First attachment description: Ex A: EEOC Memorandum dated October 27, 2011 . (Attachments: # 1 Ex B: EEOC Memorandum dated November 9, 2012, # 2 Certificate of Service)(Newton, Timothy) (Entered: 01/30/2013) |
| 02/05/2013 | 7 | SUMMONS Returned Executed by Gregory Somers. Equal Employment Opportunity Commission served on 2/4/2013, answer due 4/5/2013. (Attachments: # 1 Return Receipt - Attorney General, # 2 Retun Receipt - EEOC Greenville, # 3 Return Receipt - EEOC Washington, # 4 Return Receipt - USDA SC)(Newton, Timothy) (Entered: 02/05/2013) |
| 02/06/2013 | 8 | SUMMONS Returned Executed by Gregory Somers. Jacqueline A Berrien served on 2/4/2013, answer due 4/5/2013. (Attachments: # 1 Return Receipt - Berrien)(Newton, Timothy) (Entered: 02/06/2013) |
| 03/29/2013 | 10 | MOTION to Appear Pro Hac Vice by Ryan Bradley Parker by Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo. Response to Motion due by 4/15/2013. (Attachments: # 1 Pro Hac Application of Ryan Parker, # 2 Certificate of Good Standing)No proposed order.Motions referred to Jacquelyn D Austin.(Bailey, Terri) (Attachment 2 replaced on 4/2/2013: to replace incorrect document with correct document as provided by filing user) (kmca). (Entered: 03/29/2013) |
| 04/02/2013 | 11 | **ORDER granting 10 Motion to Appear Pro Hac Vice. Ryan Bradley Parker added for Federal Defendants. Signed by Magistrate Judge Jacquelyn D Austin on 4/2/13.(kmca)** (Entered: 04/02/2013) |
| 04/05/2013 | 12 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo. Response to Motion due by 4/22/2013. (Attachments: # 1 Memo in Support)No proposed order.Motions referred to Jacquelyn D Austin.(Bailey, Terri) (Entered: 04/05/2013) |
| 04/22/2013 | 13 | RESPONSE in Opposition re 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Response filed by Gregory Somers.Reply to Response to Motion due by 5/2/2013 (Newton, Timothy) (Entered: 04/22/2013) |
| 04/23/2013 | 15 | **SCHEDULING ORDER: Rule 26(f) Conference Deadline 5/13/2013, 26(a) Initial Disclosures due by 5/28/2013, Rule 26 Report due by 5/28/2013, Motions to Amend Pleadings due by 6/21/2013, Plaintiffs ID of Expert Witness due by 7/22/2013, Defendants ID of Expert Witnesses Due by 8/20/2013, Records Custodian Affidavit due by 8/20/2013, Discovery due by 10/21/2013, Motions due by 11/4/2013, Mediation Due by 1/2/2014, Rule 26(a)(3) Disclosures due by** |

| | | |
|---|---|---|
| | | **1/17/2014, Motion in Limine due by 2/11/2014, Jury Selection Deadline 3/4/2014. Signed by Honorable Mary G Lewis on 4/23/13.** (kmca) (Entered: 04/23/2013) |
| 04/23/2013 | 16 | **MEDIATION ORDER. Signed by Honorable Mary G Lewis on 4/23/13.** (kmca) (Entered: 04/23/2013) |
| 05/02/2013 | 17 | REPLY to 13 Response to Motion re 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Defendants' Reply in Support of Motion to Dismiss*. Response filed by Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo. (kmca) Document refiled by clerk to correct event type (kmca) Modified on 8/14/2013: see 25 supplement (kmca). (Entered: 05/03/2013) |
| 05/24/2013 | 18 | Joint MOTION to Stay *PROCEEDINGS* by Gregory Somers. Response to Motion due by 6/10/2013. (Attachments: # 1 Proposed Order)Proposed order is being emailed to chambers with copy to opposing counsel.Motions referred to Jacquelyn D Austin. (Newton, Timothy) (Main Document 18 replaced on 5/31/2013: to replace with corrected signature as provided by filing user)(kmca). (Entered: 05/24/2013) |
| 05/28/2013 | 19 | **Text Order denying 18 Joint Motion to Stay Proceedings. The parties are directed to submit a proposed amended scheduling order in accordance with this Court's Order 15 . Signed by Magistrate Jacquelyn D. Austin on 5/25/2013.**(kric, ) Modified on 5/28/2013 to correct filing date and text (kric, ). (Entered: 05/28/2013) |
| 05/28/2013 | 20 | Joint Rule 26(f) Report by Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo, Gregory Somers.(Bailey, Terri) (Additional attachment added on 5/30/2013: # 1 Proposed amended scheduling order, - as provided by filing user) (kmca). (Attachment 1 replaced on 6/3/2013: to correct typo *as provided by filing user*) (kmca). (Entered: 05/28/2013) |
| 05/30/2013 | 21 | Joint Local Rule 26.03 Answers to Interrogatories by Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo, Gregory Somers.(Bailey, Terri) Modified on 5/30/2013: to add filer listed on document, to add "joint" (kmca). (Entered: 05/30/2013) |
| 05/30/2013 | 22 | Joint DISCOVERY REPORT by Nicholas M Inzeo, Equal Employment Opportunity Commission, Jacqueline A Berrien, Gregory Somers.(Bailey, Terri) Modified on 5/30/2013: to add filer listed on document, to add "joint" (kmca). (Entered: 05/30/2013) |
| 06/03/2013 | 24 | **AMENDED SCHEDULING ORDER: 26(a) Initial Disclosures due by 7/29/2013, Motions to Amend Pleadings due by 8/20/2013, Plaintiffs ID of Expert Witness due by 9/20/2013, Defendants ID of Expert Witnesses Due by 10/21/2013, Records Custodian Affidavit due by 10/21/2013, Discovery due by 12/20/2013, Motions due by 1/20/2014, Mediation Due by 3/3/2014, Rule 26(a)(3) Disclosures due by 3/14/2014, Motion in Limine due by 4/10/2014, Jury Selection Deadline 5/5/2014. Signed by Magistrate Judge Jacquelyn D Austin on 6/3/13.** (kmca) (Entered: 06/03/2013) |
| 08/14/2013 | 25 | SUPPLEMENT *to 17 Reply* by Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo *(Defendant's Notice of Supplemental Authority)*. |

4

| | | (Attachments: # 1 Supporting Documents Crane vs. Napolitano - Order)(Bailey, Terri) Modified on 8/14/2013: to add link to 17 reply (kmca). (Entered: 08/14/2013) |
|---|---|---|
| 08/28/2013 | 26 | Consent MOTION to Stay *Discovery* re 24 Scheduling Order, *or* MOTION to Extend Scheduling Order Deadlines by Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo, Gregory Somers. Response to Motion due by 9/16/2013. No proposed order.Motions referred to Jacquelyn D Austin.(Newton, Timothy). Added MOTION for Extension of Time on 8/28/2013: to include additional motion relief listed on document (kmca). (Entered: 08/28/2013) |
| 08/28/2013 | 27 | **TEXT ORDER granting in part, denying in part 26 Consent Motion to stay discovery *or* extend scheduling order deadlines. The motion is denied to the extent it requests that deadlines be stayed pending a decision on the pending 12 Motion to dismiss. The Court is not inclined to have deadlines dependent on when the Court rules on a pending motion. However, the motion is granted to the extent it requests that scheduling order deadlines be extended. The Clerk of Court is directed to enter a second amended scheduling order extending the remaining deadlines in this case by 6 months. Signed by Magistrate Judge Jacquelyn D Austin on 8/28/13.(kmca) (Entered: 08/28/2013)** |
| 08/28/2013 | 28 | **SECOND AMENDED SCHEDULING ORDER: Motions to Amend Pleadings due by 2/20/2014, Plaintiffs ID of Expert Witness due by 3/20/2014, Defendants ID of Expert Witnesses Due by 4/21/2014, Records Custodian Affidavit due by 4/21/2014, Discovery due by 6/20/2014, Motions due by 7/21/2014, Mediation Due by 9/3/2014, Rule 26(a)(3) Disclosures due by 9/15/2014, Motion in Limine due by 10/10/2014, Jury Selection Deadline 11/5/2014. Signed by Magistrate Judge Jacquelyn D Austin on 8/28/13. (kmca) (Entered: 08/28/2013)** |
| 02/04/2014 | 31 | MOTION for Protective Order by Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo. Response to Motion due by 2/21/2014. (Attachments: # 1 Memo in Support, # 2 Exhibit 1 - Interrogatories and Requests for Production)No proposed order.Motions referred to Jacquelyn D Austin.(Bailey, Terri) (Entered: 02/04/2014) |
| 02/21/2014 | 32 | **REPORT AND RECOMMENDATION re 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Nicholas M Inzeo, Equal Employment Opportunity Commission, Jacqueline A Berrien. It is recommended that the motion to dismiss be GRANTED. Objections to R&R due by 3/10/2014. Signed by Magistrate Judge Jacquelyn D Austin on 2/21/2014. (amar) (Entered: 02/21/2014)** |
| 02/24/2014 | 33 | **TEXT ORDER granting in part and denying in part 31 Motion for protective order. The motion is granted to the extent it requests that the Court stay all discovery, including Defendants' deadline for responding to Plaintiff's discovery requests, and all discovery deadlines; however, because the undersigned has recommended that the pending 12 Motion to dismiss be granted, the Court will stay all discovery and discovery deadlines until the District Judge rules on the** |

| | | |
|---|---|---|
| | | pending motion to dismiss. Accordingly, all discovery, including Defendants' deadline for responding to Plaintiff's discovery requests, and all discovery deadlines are stayed pending a ruling on the pending motion to dismiss. If the District Judge adopts the pending 32 Report and Recommendation, the case will be dismissed; however, if the District Judge declines to adopt in full the pending Report and Recommendation, the parties are to submit a proposed amended scheduling order to the Court within ten days of the filing of the order and the Court will then lift the stay on all discovery and discovery requests. Signed by Magistrate Judge Jacquelyn D Austin on 2/24/14.(kmca) (Entered: 02/24/2014) |
| 03/10/2014 | 35 | OBJECTION to 32 Report and Recommendation by Gregory Somers.Reply to Objections due by 3/27/2014 (Attachments: # 1 Exhibit March 2014 Accommodation Letter). Refiled by clerk to correct type.(alew, ) (Entered: 03/11/2014) |
| 03/20/2014 | 36 | REPLY by Jacqueline A Berrien, Equal Employment Opportunity Commission, Nicholas M Inzeo to 35 Objection to Report and Recommendation . (Bailey, Terri) (Entered: 03/20/2014) |
| 03/24/2014 | 37 | REPLY by Gregory Somers to 35 Objection to Report and Recommendation . (Newton, Timothy) (Entered: 03/24/2014) |
| 03/24/2014 | 39 | MOTION to Amend/Correct 1 Complaint, by Gregory Somers. Response to Motion due by 4/10/2014. (Attachments: # 1 proposed Amended Complaint)No proposed order.(Newton, Timothy) (Entered: 03/24/2014) |
| 03/26/2014 | 40 | **ORDER RULING ON REPORT AND RECOMMENDATION granting 12 Motion to Dismiss for Failure to State a Claim, filed by Nicholas M Inzeo, Equal Employment Opportunity Commission, Jacqueline A Berrien, denying 39 Motion to Amend/Correct filed by Gregory Somers, adopting 32 Report and Recommendation. Signed by Honorable Mary G Lewis on 3/25/14.** (alew, ) (Entered: 03/26/2014) |
| 03/26/2014 | 41 | JUDGMENT in favor of Equal Employment Opportunity Commission, Jacqueline A Berrien, Nicholas M Inzeo against Gregory Somers. (alew, ) (Entered: 03/26/2014) |
| 05/27/2014 | 42 | NOTICE OF APPEAL as to 41 Judgment by Gregory Somers. - Filing fee $ 505, receipt number 0420-5354960. The Docketing Statement form, Transcript Order form and CJA 24 form may be obtained from the Fourth Circuit website at www.ca4.uscourts.gov (Newton, Timothy) (Entered: 05/27/2014) |
| 05/28/2014 | 43 | Transmittal Sheet for Notice of Appeal to USCA re 42 Notice of Appeal, The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (alew, ) (Entered: 05/28/2014) |

| PACER Service Center |
|---|
| Transaction Receipt |

| 07/10/2014 11:12:39 | | | |
|---|---|---|---|
| **PACER Login:** | ld0043 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:13-cv-00257-MGL |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
CASE NUMBER:

|  |  |
|---|---|
| Gregory Somers, | |
| Plaintiff, | **COMPLAINT FOR DECLARATORY** |
| v. | **RELIEF, COMPENSATORY DAMAGES,** |
| | **AND INJUNCTIVE RELIEF** |
| Equal Employment Opportunity | |
| Commission, an agency of the United States of | **(JURY TRIAL DEMANDED)** |
| America, Jacqueline A. Berrien, and Nicholas | |
| M. Inzeo, | |
| Defendants. | |

Plaintiff Gregory Somers, by and through his attorneys, for his Complaint against the

Defendants United States Equal Employment Opportunity Commission (EEOC) and its above-

referenced officers alleges as follows:

## INTRODUCTION

This is a case alleging religious discrimination and a failure to accommodate arising from

Somers' employment as an investigator with the EEOC in Greenville, South Carolina. Despite

the fact that federal law does not recognize sexual orientation as a protected class for

employment discrimination purposes, the EEOC has, unilaterally and without authority to do so,

attempted to expand the law so as to include sexual orientation as a protected class and is now

unlawfully requiring its investigators, including Plaintiff Somers, to interpret and enforce the law

so as to include sexual orientation discrimination as an unlawful employment practice.  The

Plaintiff is a Christian who, according to his sincerely held religious principles, believes that

homosexual behavior is immoral and that, accordingly, he cannot become complicit in such

immoral behavior by condoning, advocating, recognizing or excusing it.  In accordance with

such principles, the Plaintiff believes that he cannot, without transgressing his sincerely held

religious beliefs and violating his conscience, recognize sexual orientation discrimination as an

unlawful employment practice or investigate and enforce the same. Accordingly, the Plaintiff made known to the EEOC his religious objection to working on cases based on allegations of sexual orientation discrimination and requested a religious accommodation that would have excused him from working on such cases. The EEOC denied the Plaintiff's requested accommodation despite the fact that doing so would not have imposed any undue hardship upon the EEOC.

The Plaintiff raises several claims in this Complaint:

a.     The EEOC, in recognizing sexual orientation as a protected class when Congress has intentionally refused to do so and by requiring Somers as its employee to investigate and enforce federal anti-discrimination regulation on this basis, engaged in an *ultra vires* act beyond the EEOC's authority;

b.     The EEOC, in failing to grant the Plaintiff his requested religious accommodation, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and

c.     The EEOC's actions violated the Plaintiff's rights of Free Exercise of Religion under the First Amendment of the United States Constitution and the Religious Freedom Restoration Act (RFRA).

d.     The EEOC's recognition of sexual orientation as a protected class violates various other constitutional and statutory provisions, including the Faithful Execution clause, the Establishment clause, and the Administrative Procedures Act.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Parties

1.     Somers is an individual who at all times relevant hereto was a resident of

2

Greenville, South Carolina and an employee of Defendant EEOC.

2.      Defendant EEOC is an agency and instrumentality of the United States Government that employs hundreds of employees, including Somers, and which is charged with enforcing United States employment discrimination law.

3.      Upon information and belief, Defendant Jacqueline A. Berrien is the Chair of the EEOC.

4.      Upon information and belief, Defendant Nicholas M. Inzeo is the Director of the Office of Field Programs for the EEOC.

**Jurisdiction and Venue**

5.      This action is brought to remedy religious discrimination and failure to accommodate Somers. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Religious Freedom Restoration Act of 1993 ("RFRA"),

6.      Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331, 1337 and 1343. Jurisdiction is founded upon the existence of a deprivation of federal civil rights in the context of employment.

7.      Venue is proper in the Greenville Division of the United States District Court in and for the District of South Carolina pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Somers' claims for relief arise out of his employment by the EEOC in Greenville, South Carolina, where all relevant events and omissions supporting Somers' claims for relief occurred.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

8.      Somers was at all times relevant to this Complaint, and still is, employed by the

3

**10**

EEOC to investigate and process claims under Title VII.

9.      The EEOC has the authority and responsibility to investigate and enforce alleged violations of, among other things, Title VII of the Civil Rights Act of 1964.

10.     Title VII prohibits employers from discriminating "because of . . . sex."

11.     On or about October 27, 2011, Somers received a memorandum drafted by Defendant Jacqueline A. Berrien.  (Attached as Exhibit A.)  The EEOC Memorandum dated October 27, 2011 stated that the EEOC's policy is to reflect an alleged trend toward increased recognition by courts "that because discrimination against lesbian, gay, bisexual, and transgender (LGBT) people often centers on the ways in which they do not conform to traditional gender stereotypes, such discrimination may be actionable under Title VII's prohibition on sex discrimination."

12.     The memorandum represented a significant departure from the EEOC's past approach to handling claims of discrimination by "lesbian, gay, and bi-sexual people."

13.     On November 9, 2012, the EEOC issued a follow-up memorandum from Nicholas M. Inzeo, Director of the Office of Field Programs.  (Attached as Exhibit B.)  The memorandum states that EEOC's policy is that discrimination because of "transgender" or "gender identity disorder" is "discrimination because of sex" under Title VII.  The memorandum further states that employment discrimination because of LGBT behavior is actionable under Title VII.  The October 27, 2011 memorandum and the November 9, 2012 memorandum are hereinafter collectively referred to as "the Directives." Somers is a practicing Christian whose sincerely held religious beliefs prevent him from processing claims based upon "sexual orientation."

14.     Somers' beliefs are based upon the Bible, which proscribes many types of immoral actions, including adultery, homosexual conduct, and various other sexual practices,

4

including LGBT behaviors. Furthermore, Somers' beliefs reflect longstanding and widespread understanding that such conduct arises from personal choices, not the innate physical characteristic of an individual's gender.

15. Accordingly, it would constitute a violation of Somers' sincerely held religious beliefs for him to be forced to investigate cases based on the premise that homosexual and LGBT behavior is not immoral.

16. On or about November 10, 2011, Somers requested that the EEOC grant him a religious accommodation so that cases involving allegations of discrimination based upon sexual orientation be assigned or transferred to another investigator in Somers' station.

17. On or about January 13, 2012, and continuing thereafter up to the present, the EEOC denied Somers' request for a religious accommodation.

18. Somers' religious accommodation request would not impose an undue hardship on the EEOC.

19. The EEOC never made any attempt to accommodate Somers' religious accommodation request.

20. The EEOC never offered Somers any accommodation as an alternative to the one Somers requested.

21. Because of the EEOC's actions, Mr. Somers has suffered and continues to suffer monetary damages as well as emotional distress and a real threat of adverse employment action.

22. Somers timely filed a complaint with the EEOC, has met all procedural requirements, and has exhausted his administrative remedies.

23. The EEOC issued its final decision on or about December 19, 2012.

24. Somers has incurred and continued to incur costs and is entitled to an award of

reasonable attorney's fees and costs.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Ultra Vires Acts)

25.     Somers hereby restates in their entirety and incorporates herein by this reference all previous allegations of this Complaint.

26.     Title VII prohibits an employer, including a federal government employer such as the EEOC, from discriminating against an employee on the basis of "race, color, religion, sex, or national origin."

27.     Title VII does not explicitly prohibit an employer from discriminating on the basis of sexual orientation or gender identity.

28.     By not including sexual orientation or gender identity in Title VII, Congress made clear that it did not intend Title VII to prohibit an employer from discriminating on the basis of sexual orientation or gender identity.

29.     Indeed, in every Congress since 1994, except the 109th Congress, the Employment Non-Discrimination Act ("ENDA")—which, if enacted, would prohibit discrimination in employment on the basis of sexual orientation or gender identity—has been introduced, but never enacted, thereby expressly evidencing Congress's intent not to extend Title VII's non-discrimination protections to sexual orientation or gender identity, including LGBT behavior.

30.     The EEOC is an agency of the Executive branch of the United States government.

31.     As an agency of the Executive branch of the United States government the EEOC is charged with enforcing the law as Congress intended and may not itself change or extend that law.

32.     By extending Title VII protection to sexual orientation and gender identity—classes that Congress did not include in its Title VII protections and that Congress has expressly

6

and repeatedly refused to include in its Title VII protections—the EEOC has exceeded its authority and engaged in an *ultra vires* act.

33.     By extending Title VII protection to sexual orientation and gender identity, the EEOC has violated the separation of powers doctrine.

34.     Plaintiff seeks a declaratory judgment to these effects, together with corresponding injunctive relief.

**SECOND CLAIM FOR RELIEF**
**(Religious Discrimination**
**Failure to Accommodate In Violation of Title VII)**

35.     Somers hereby restates in their entirety and incorporates herein by this reference all previous allegations of this Complaint.

36.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(j) provides that an employer's failure to provide reasonable religious accommodation of an employee's religious beliefs or observances constitutes unlawful religious discrimination.

37.     Title VII requires employers, including a federal government employer such as the EEOC, to accommodate the religious beliefs and practices of their employees unless such accommodation would impose "undue hardship" on the employer.

38.     The EEOC is and was at all times relevant hereto Somers' employer.

39.     Somers is and was at all times relevant hereto an employee of the EEOC.

40.     Somers has a sincerely held religious belief that working on or assisting claimants whose claims are based on sexual orientation or gender identity would be immoral and would violate Somers's sincerely held religious beliefs.

41.     Somers's sincerely held religious beliefs conflict with the job requirement that Somers work on cases assisting claimants whose claims are based on sexual orientation or

gender identity.

42.     Somers explicitly notified the EEOC of the conflict between his sincerely held religious beliefs and the job requirement that Somers work on cases assisting claimants whose claims are based on sexual orientation or gender identity.

43.     Somers requested an accommodation of his religious beliefs and exercise, requesting that he not be assigned to work on cases assisting claimants whose claims are based on sexual orientation or gender identity.

44.     The EEOC knew of the conflict between Somers' religious beliefs and the job requirement that Somers work on sexual orientation and/or gender identity discrimination claims.

45.     Despite Somers' request for a religious accommodation, the EEOC failed and refused to make any accommodate of Somers' religious beliefs and observance.

46.     Accommodating Somers' request would not impose any undue hardship on the EEOC.

47.     The EEOC's failure to provide Somers with a reasonable accommodation for Plaintiff's religious beliefs violated Title VII.

48.     As a proximate result of the EEOC's discriminatory actions, Somers has suffered harm, including but not limited to monetary damages, mental anguish and emotional and physical distress.

49.     Plaintiff seeks a judgment to this effect, together with corresponding injunctive relief.

## THIRD CLAIM FOR RELIEF
### (Violation of the Free Exercise Clause)

50.     Somers hereby restates in their entirety and incorporates herein by this reference all previous allegations of this Complaint.

51.     The First Amendment to the Constitution of the United States provides, in pertinent part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."

52.     The EEOC's requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs is not neutral toward religion.

53.     The EEOC's requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs burdens Somers' exercise of religion.

54.     The EEOC's requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs does not further a compelling governmental interest.

55.     The EEOC's requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs is not the least restrictive means of furthering any compelling governmental interest.

56.     The EEOC's requirement that Somers be assigned to work on cases of sexual orientation discrimination violates the Free Exercise clause of the United States Constitution.

57.     Plaintiff seeks a judgment to this effect, together with corresponding injunctive relief.

## FOURTH CLAIM FOR RELIEF
### (Violation of RFRA)

58.     Somers hereby restates in their entirety and incorporates herein by this reference all previous allegations of this Complaint.

59.     The Religious Freedom Restoration Act of 1993 provides, in pertinent part, that:

(a) In General:

Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.

(b) Exception:

Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person –

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

(c) Judicial Relief:

A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. . . . .

60.    The EEOC's requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs is not neutral toward religion.

61.    The EEOC's requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs burdens Somers' exercise of religion.

62.    The EEOC's requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs does not further a compelling governmental interest.

63.    The EEOC's requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs is not the least restrictive means of furthering any compelling governmental interest.

64.    The EEOC's requirement that Somers be assigned to work on cases of sexual

orientation discrimination violates RFRA.

65.     As a proximate result of the EEOC's actions as described herein, Somers has suffered harm, including but not limited to monetary damages, mental anguish and emotional and physical distress,

66.     Plaintiff seeks a judgment to this effect, together with corresponding injunctive relief.

### FIFTH CLAIM FOR RELIEF
**(Declaratory Judgment
Violation Of Faithful Execution Clause)**

67.     Somers realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.     Article I, section 1 of the United States Constitution provides that "all legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives."

69.     Article II, section 3 of the United States Constitution requires that the President, by and through his executive branch officials, including Defendants, "shall take Care that the Laws be faithfully executed."

70.     All elected officials are bound by their oath of affirmation to support the Constitution. Art. 6, ¶ 3.

71.     Article IV, section 4 of the United States Constitution guarantees "a Republican Form of Government."

72.     Numerous provisions in the United States Constitution protect the right of the citizens of this country to participate in the legislative process through elected representatives. Art. I, §§ 2 and 3; Art. II, § 1; Amends. XII; XIV, § 2; XV; XVII; XIX; XXIV; XXVI.

11

73.     Many of the complaints against the king of England which are enumerated in the Declaration of Independence involve usurpation by the executive branch of the legislative process.

74.     Collectively, these provisions were designed to limit the power of the executive branch, to prevent it from arbitrarily imposing its will on the people and thereby depriving them of their right to be governed by consent.

75.     Accordingly, the President and his executive branch officials, by taking the Oath of Office, assumed a duty to refrain from using its power in an arbitrary or despotic manner which circumvents or diminishes the Constitutional protection of legislation solely through elected representatives.

76.     The classification of homosexual and LGBT behaviors for protection as gender discrimination under Title VII, and the larger controversy surrounding gay rights and gay marriage, is a controversial political issue upon which opinions are sharply divided among the citizens of this country.

77.     Title VII protects against discrimination because of sex, but it does not protect against discrimination because of sexual orientation, gender identity disorder, or LGBT behaviors.

78.     By unilaterally adopting a position not grounded in the language of the Civil Rights Act, and by taking sides in a political controversy, and mandating enforcement of a position that has been repeatedly rejected by Congress, the EEOC has violated Article II, section 3 of the United States Constitution.

79.     Plaintiff seeks a declaratory judgment to these effects, together with corresponding injunctive relief.

## SIXTH CLAIM FOR RELIEF
### (Violation of The Administrative Procedure Act)

80.     Somers realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81.     The Administrative Procedure Act (APA) requires the EEOC to comply with the requirements of the APA prior to promulgating rules and regulations.  5 U.S.C. § 553.

82.     The EEOC has failed to comply with these requirements prior to issuing the Directives, violating the APA.

83.     Accordingly, the EEOC's attempted rule change violates the APA and void and without effect.

84.     Plaintiff seeks a declaratory judgment to this effect, together with corresponding injunctive relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Somers respectfully requests that the Court enter judgment in favor of Somers and against the EEOC, including but not limited to the following:

(A)     A Declaratory Judgment declaring that the EEOC has no authority to include sexual orientation or gender identity as a protected class for Title VII purposes, either under the aegis of sex discrimination or otherwise;

(B)     An injunction enjoining the EEOC from including sexual orientation and gender identity as protected classes for Title VII purposes;

(C)     A judgment declaring that the EEOC has violated Title VII by refusing to accommodate Somers' religious beliefs and practices and reversing the EEOC's Order dated December 19, 2012;

(D)     An injunction requiring the EEOC to accommodate Somers' religious beliefs and

13

practices and requiring it to implement Somers' requested accommodation, namely that cases involving allegations of discrimination based on sexual orientation or gender identity be transferred to another investigator in Somers' station;

(E)     A judgment vacating the October 27, 2011 and November 9, 2012 Directives of the EEOC;

(F)     A judgment, awarding Somers all damages suffered by Somers on account of the EEOC's actions, including monetary damages for actual and compensatory losses, mental anguish and emotional and physical distress, all as proven at trial;

(G)     An order awarding Somers his reasonable attorneys' fees and costs incurred in this action and other disbursements pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k); and

(H)     Orders that this Court temporarily restrain, preliminarily enjoin, and permanently enjoin Defendants and their subordinate officers, employees, and agents from implementing or enforcing the above-referenced directives, or taking any adverse actions against Somers pursuant to the directives or for not following the directives.

(I)     Such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

85.     Somers hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

s/Douglas A. Churdar
Douglas A. Churdar, Esq. (Fed. I.D. #5220)
712 East Washington Street
Greenville, SC 29601
(864) 233-0203
dachurdar@churdarlaw.com

s/Timothy J. Newton
Timothy J. Newton, Esq. (Fed. I.D. #9807)
Murphy & Grantland, PA

14

P.O. Box 6648
Columbia, SC 29260
(803) 782-4100
tnewton@murphygrantland.com

January 28, 2013

## VERIFICATION OF COMPLAINT

I, Gregory Somers, a citizen of the United States and resident of the State of South Carolina, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged are true and correct.

Executed this 25 day of January, 2013, 712 East Washington Street, Greenville, South Carolina 29601.

Gregory Somers

16

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Washington, D.C. 20507

**Office of the Chair**

OCT **27** 2011

To:       Nicholas Inzeo
          Director, Office of Field Programs

          Carlton Hadden
          Director, Office of Federal Operations

From:     Jacqueline A. Berrien
          Chair

Subject:  Sex Discrimination Against Lesbian, Gay, Bisexual and Transgender Persons

In 1989, the Supreme Court ruled in *Price Waterhouse v. Hopkins* that discrimination resulting from stereotypical notions about appropriate gender norms (i.e., "gender stereotyping") is discrimination "because of sex" within the meaning of Title VII. 490 U.S. 228, 250-51 (1989). And in 1998, in *Oncale v. Sundowner Offshore Services, Inc.*, the Court recognized that same-sex sexual harassment was actionable under Title VII. 523 U.S. 75, 82 (1998).

Since *Price Waterhouse* and *Oncale* were decided, courts have increasingly recognized that because discrimination against lesbian, gay, bisexual, and transgender (LGBT) people often centers on the ways in which they do not conform to traditional gender stereotypes, such discrimination may be actionable under Title VII's prohibition on sex discrimination. *See, e.g., Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285 (10th Cir. 2009); *Smith v. City of Salem*, 378 F.3d 566, 575 (6th Cir. 2004); *Schroer v. Billington*, 577 F. Supp. 2d 293, 308 (D.D.C. 2008).

Commission policy reflects this trend. For example, the Commission recently approved the filing of an amicus brief taking the position that discrimination against an employee because he or she is transgender constitutes unlawful discrimination on the basis of sex. *See* Recommendation to Participate as Amicus Curiae in *Pacheco v. Freedom Buick GMC Truck*, No.7:10-CV-116-RAJ (W.D. Tex.). The Commission's Equal Employment Opportunity Policy Statement also recognizes gender identity discrimination as a form of sex discrimination. *See* EEOC EEO Policy Statement (Jan. 31, 2011) ("EEOC employees are protected by federal laws prohibiting discrimination on the basis of . . . sex (including pregnancy and gender identity...)"). Recent OFO decisions have upheld claims of sex discrimination by LGBT individuals under Title VII's prohibition against sex discrimination. *See Veretto v. U.S.P.S.*, EEOC Appeal No. 0120110873 (July 1, 2011) (finding that the agency erred in dismissing a claim of sex-stereotyping discrimination under Title VII, where a gay man alleged he was harassed because he intended to marry a man, rather than a woman) (citing *Price Waterhouse* and *Schroer*); *Hitchcock v. Department of Homeland Security*, EEOC Appeal No. 0120051461 (May 3, 2007) (finding that the AJ erred in dismissing a sex discrimination complaint without a hearing where, among other things, there was "voluminous" deposition testimony that coworkers disparaged the claimant for failure to conform to traditional notions of masculinity.)

EXHIBIT A

**24**

Accordingly, if you receive such a charge, federal sector hearing request, or federal sector appeal, please contact Sharon Alexander in the Office of the Chair, at Sharon.Alexander@eeoc.gov or (202) 663-4790. District Directors should also bring such charges to the attention of Regional Attorneys, in order to confer about the proper categorization of such charges, consistent with PCHP.


cc:    Stuart J. Ishimaru
       Commissioner

       Constance S. Barker
       Commissioner

       Chai R. Feldblum
       Commissioner

       Victoria A. Lipnic
       Commissioner

       P. David Lopez
       General Counsel

       Peggy Mastroianni
       Legal Counsel

       District Directors

       Regional Attorneys


Attachment: Brief of United States Equal Emp't Opportunity Comm'n as Amicus Curiae in Opposition to Summary Judgment, *Pacheco v. Freedom Buick GMC Truck, Inc.*, *filed*, No. 7:10-CV-116-RAJ (W.D. Tex. Oct. 13, 2011).

2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Field Programs

November 9, 2012

MEMORANDUM

To:         District Directors

From:       Nicholas M. Inzeo, Director
            Office of Field Programs

Subject:    Intake and Charge Processing of Title VII Claims
            of Sex Discrimination by LGBT Individuals

I want to update all Directors on the issue of sex discrimination claims filed by LGBT individuals, following up on the Chair's October 2011 Memorandum.

***Sex discrimination claims by transgender individuals.***  Commission policy is that discrimination against an individual because that person is transgender (also known as gender identity discrimination) is discrimination because of sex in violation of Title VII of the Civil Rights Act of 1964.  *Macy v. Dep't of Justice*, EEOC Appeal No. 0120120821, 2012 WL 1435995 (E.E.O.C. April 20, 2012).[1]  **Complaints of discrimination on the basis of transgender status should be processed under Title VII as claims of sex discrimination.**

***Sex discrimination claims by lesbian, gay, and bisexual individuals.***  Lesbian, gay, and bisexual individuals may also experience sex discrimination, including sexual harassment or other kinds of sex discrimination.  Sex discrimination includes adverse actions taken because of a person's failure to conform to sex-stereotypes.

The EEOC has held claims of sex discrimination by lesbian, gay, and bisexual individuals actionable under Title VII in a range of federal sector administrative decisions.  *See, e.g., Rosa v. Department of Veterans Affairs*, EEOC Appeal No. 0120091318, 2009 WL 2513955 (E.E.O.C. August 3, 2009) (harassment against a male employee including repeated innuendos about his sexuality and verbal mocking using "very feminine voices" can constitute discrimination based on sex); *Veretto v. U.S. Postal Service*, EEOC Appeal No. 0120110873, 2011 WL 2663401 (E.E.O.C. July 1, 2011) (discrimination based on sex stereotype that men should only marry women can constitute discrimination based on sex); *Castello v. U.S. Postal Service*, EEOC Request No. 0520110649, 2011 WL 6960810 (E.E.O.C. December 20, 2011) (discrimination based on sex-stereotype that women should only have sexual relationships with men can constitute discrimination based on sex).[2]

---

[1] www.eeoc.gov/decisions/0120120821%20Macy%20v%20DOJ%20ATF.txt.

[2] www.eeoc.gov/decisions/0520110649.txt.

EXHIBIT B
**26**

Similarly, courts have ruled in private sector cases that discrimination against lesbian, gay and bisexual individuals based on sex stereotyping is actionable as sex discrimination under Title VII. *See, e.g., Koren v. Ohio Bell Telephone Co.*, 2012 WL 3484825 (N.D. Ohio Aug. 14, 2012) (denying defendant's motion for summary judgment where plaintiff alleged his supervisor discriminated against him based on sex stereotypes because he married a man and took his husband's last name, the court held: "That *is* a claim of discrimination because of sex."); *Centola v. Potter* 183 F. Supp. 2d 403, 410 (D. Mass. 2002) ("Sexual orientation harassment is often, if not always, motivated by a desire to enforce heterosexually defined gender norms. In fact, stereotypes about homosexuality are directly related to our stereotype about the proper roles of men and women."); *Heller v. Columbia Edgewater Country Club*, 195 F. Supp. 2d 1212, 1224 (D. Or. 2002) (recognizing that the belief that men or women should only be attracted to persons of the opposite sex constitutes a gender stereotype).

**Lesbian, gay and bisexual individuals who believe they have been discriminated against because of their sexual orientation should be counseled that they have a right to file a charge with the EEOC under Title VII, because they may have experienced sex discrimination as described above.  Where a state or local law prohibits discrimination based on sexual orientation or gender identity, lesbian, gay, bisexual and transgender individuals interested in filing charges of sex discrimination under Title VII should be counseled that they may also have a right to file a charge under the state or local law.**

**Charges raising issues related to LGBT discrimination should be shared with Sharon Alexander in the Office of the Chair in accordance with the Chair's memorandum dated October 27, 2011.**

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION
## CASE NUMBER: 6:13-cv-257-MGL-JDA

Gregory Somers,

                          Plaintiff,

v.

Equal Employment Opportunity
Commission, an agency of the United States of
America, Jacqueline A. Berrien, and Nicholas
M. Inzeo,

                         Defendants.

**CERTIFICATE OF SERVICE**

I, the undersigned employee of the law offices of Murphy & Grantland, P.A., Attorneys for Plaintiff, do hereby certify that on January 30, 2013, I have served a copy of the foregoing Exhibit A to Complaint: EEOC Memorandum dated October 27, 2011, and Exhibit B to Complaint: EEOC Memorandum dated November 9, 2012, in connection with the above-referenced case placing same in the U.S. mail, postage paid to:

Equal Employment Opportunity Commission,
an agency of the United States of America
c/o Eric H. Holder, Jr.
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530

Equal Employment Opportunity Commission,
an agency of the United States of America
c/o United States District Attorney
District of South Carolina
One Liberty Square Building
55 Beattie Place, Ste. 700
Greenville, SC 29601

Equal Employment Opportunity Commission,
an agency of the United States of America
131 M. Street, NE
Washington, DC 20507

Columbia, South Carolina

Equal Employment Opportunity Commission,
an agency of the United States of America
301 North Main Street, Ste. 1402
Greenville, SC 29601

c/o Jacqueline A. Berrien
Equal Employment Opportunity Commission
131 M. Street, NE
Washington, DC 20507

c/o Nicholas M. Inzeo
Equal Employment Opportunity Commission
131 M. Street, NE
Washington, DC 20507

s/Timothy J. Newton
Timothy J. Newton, Esq. (Fed. I.D. #9807)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gregory Somers, | ) | Case No. 6:13-cv-00257-MGL-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Equal Employment Opportunity | ) | |
| Commission, Jacqueline A. Berrien, | ) | |
| Nicholas M. Inzeo, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a motion to dismiss filed by Defendants. [Doc. 12.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

### BACKGROUND[1]

Plaintiff filed this action on January 28, 2013, alleging religious discrimination and a failure to accommodate arising from Plaintiff's employment as an investigator with Defendant Equal Opportunity Employment Commission ("the EEOC"). [Doc. 1.] Plaintiff alleges that the EEOC has unilaterally and without authority attempted to expand the law

---

[1]For purposes of the motion to dismiss, the Court must accept as true Plaintiff's well-pleaded allegations and may rely on the Complaint and documents attached to the Complaint as exhibits or incorporated by reference. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Thus, the following Background is a summary of the allegations contained in the Complaint, Docket Entry Number 1.

to include sexual orientation as a protected class[2] and is requiring its investigators, including Plaintiff, to interpret and enforce the law as if it includes sexual orientation discrimination as an unlawful employment practice.  [*Id*. at 1.]  Plaintiff further alleges that he is a Christian and has sincerely held religious beliefs that homosexual behavior is immoral and, thus, he cannot become complicit in such immoral behavior by condoning, advocating, recognizing, or excusing it.  [*Id*.]  Accordingly, Plaintiff notified the EEOC of his religious objection to working on cases based on allegations of sexual orientation discrimination and requested a religious accommodation that would have excused him from working on these cases but the EEOC denied Plaintiff's requested accommodation.  [*Id*. at 5 ¶¶ 16–20.]  As a result, Plaintiff alleges he has suffered and continues to suffer monetary damages as well as emotional distress and a real threat of adverse employment action.  [*Id*. at 5 ¶ 21.]

Plaintiff brings the following causes of action: (1) declaratory judgment that the EEOC has exceeded its authority and engaged in an ultra vires act; (2) failure to provide a reasonable religious accommodation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (3) violation of the Free Exercise Clause of the United States Constitution; (4) violation of the Religious Freedom Restoration Act of 1993 ("RFRA"); (5) declaratory judgment that the EEOC has violated the Faithful Execution Clause of the United States Constitution; and (6) declaratory judgment that the EEOC has violated the Administrative Procedures Act.  [*Id.* at 6–13.]  Plaintiff seeks declaratory judgments; injunctive relief;

---

[2]Plaintiff alleges the memoranda attempting to expand the law to include sexual orientation as a protected class were from Defendants Jacqueline A. Berrien ("Berrien"), Chair of the EEOC, and Nicholas M. Inzeo ("Inzeo"), Director of the Office of Field Programs for the EEOC.  [Doc. 1.]

2

monetary damages for actual and compensatory losses, mental anguish, and emotional and physical distress; attorneys' fees and costs; and such further relief as the Court may deem just and proper. [*Id.* at 13–14.]

Defendants filed the instant motion to dismiss on April 5, 2013. [Doc. 12.] Plaintiff filed a response in opposition on April 22, 2013. [Doc. 13.] Defendants thereafter filed a reply and supplement to the reply. [Docs. 17, 25.] Accordingly, the motion to dismiss is now ripe for review.

## APPLICABLE LAW

**Motion to Dismiss Standard**

### *Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed. R. Civ. P. 12(b)(1). It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution

3

of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### *Rule 12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"

4

> requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly,* 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Defendants contend that Counts One, Three, Four, Five, and Six should be dismissed for lack of subject matter jurisdiction because they are preempted by Title VII; any attempt to circumvent the preemptive effect of Title VII fails because Plaintiff lacks standing to sue in any capacity other than his capacity as an employee; and Count Two should be dismissed because Plaintiff has failed to state a claim under Title VII. [Doc. 12-1.] The Court agrees that Counts One, Three, Four, Five, and Six are preempted by Title VII and that Plaintiff has failed to state a claim under Title VII.[3]

**Preempted Claims**

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Title VII did not protect federal employees until it was amended in 1972 by the Equal Employment Opportunity Act ("EEOA"). *Brown v. General Servs. Admin.*, 425 U.S. 820, 825 (1976) (citing 42 U.S.C. § 2000e(b)). The EEOA "expressly subjects federal agencies to Title VII's prohibitions, delegates the EEOC the authority to ensure that federal agencies comply with Title VII and allows aggrieved federal employees to commence civil actions in federal court for review of their discrimination claims." *Pueschel v. U.S.*, 369 F.3d 345, 353 (4th Cir. 2004) (citing 42 U.S.C. § 2000e-16.).

In *Brown*, the Supreme Court held that Title VII is "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination."

---

[3]Because the Court agrees that Counts One, Three, Four, Five, and Six are preempted by Title VII, the Court declines to address Defendants' argument that Plaintiff lacks standing.

*Id.* at 829. The Fourth Circuit and this Court have repeatedly held that Title VII preempts claims of discrimination in federal employment that are not brought under Title VII. *See, e.g.*, *Pueschel*, 369 F.3d at 353 (recognizing that Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment and upholding the dismissal of a Federal Tort Claims Act claim brought by a federal government employee based on preemption); *Daniels v. McHugh*, No. 3:09-182-JFA-JRM, 2011 WL 939228, at *12 (D.S.C. Jan. 18, 2011) (granting summary judgment on federal employee's claim that discharge violated public policy because "Title VII is the exclusive, preemptive remedy for claims arising out of discrimination in federal employment"), *Report and Recommendation adopted by* 2011 WL 939233 (D.S.C. Mar. 16, 2011); *Johnson v. Teague*, No. 4:07-3277-RBH, 2008 WL 4065779, at *2 (D.S.C. Aug. 26, 2008) (explaining that "it is well settled that federal employees are subject to Title VII and that other statutory remedies for discrimination in employment are preempted by Title VII"). Accordingly, claims that could be asserted in a Title VII lawsuit are preempted.

Here, the only injury alleged in the Complaint is based on the potential for Plaintiff to be forced to violate his sincerely held religious beliefs if he is forced to investigate cases of sexual orientation discrimination. [Doc. 1 at 1, 5 ¶ 15, 8 ¶ 48, 9 ¶ 53, 10 ¶ 61; *see also id.* at 1 ("This is a case alleging religious discrimination and a failure to accommodate arising from [Plaintiff's] employment as an investigator with the EEOC in Greenville, South Carolina."), 2 ¶ 5 ("This action is brought to remedy religious discrimination and failure to accommodate [Plaintiff].").] Plaintiff does not allege that he has been forced to investigate cases of sexual orientation discrimination; however, he does allege that if he is forced to investigate these cases, it would violate his sincerely held religious beliefs and that he has

7

requested and been denied a religious accommodation. Although, in addition to Title VII, he brings this action pursuant to the United States Constitution and the Administrative Procedures Act, all of his claims derive from his religiously-based objection to investigating cases of sexual orientation discrimination. Such claims could be asserted in a Title VII lawsuit, including the provision of religious accommodations under Title VII. Accordingly, this Court lacks subject matter jurisdiction to address Plaintiff's claims in Grounds One, Three, Four, Five, and Six and those claims should be dismissed.

**Title VII Claim**

As previously stated, Title VII makes it unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Under Title VII, an employer is obligated "to make reasonable accommodation for the religious observances of its employees." *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 75 (1977). To state a prima facie religious accommodation claim, a plaintiff must establish that: (1) he has a bona fide religious belief that conflicts with an employment requirement; (2) he informed the employer of this belief; and (3) he was disciplined for failure to comply with the conflicting employment requirement. *Chalmers v. Tulon Co. Of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996).

Here, Plaintiff has failed to allege an adverse employment action. First, Plaintiff's argument that Title VII's general requirement of an adverse employment action may not apply to claims based on denial of a request for a religious accommodation fails. The Fourth Circuit squarely addressed that issue in *Ali v. Alamo Rent-A-Car, Inc.*, 8 F. App'x 156 (4th Cir. 2001) (unpublished decision), and held that a Title VII plaintiff must allege an

8

adverse employment action to survive a motion to dismiss under Rule 12(b)(6). *Id.* at 158–59. Next, Plaintiff's argument that the denial of his request for accommodation constitutes an adverse employment action also fails. An adverse employment action must amount to more than an insignificant alteration of job responsibilities. *See Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001) ("Adverse employment action includes any retaliatory act or harassment if, but only if, that act or harassment results in an adverse effect on the 'terms, conditions, or benefits' of employment." (quoting 42 U.S.C. § 2000e-3)). It is well established that not every action taken by an employer adverse to the aggrieved party amounts to an adverse employment action within the scope of Title VII. *See id.*, 243 F.3d at 866–67; *Jeffers v. Thompson*, 264 F.Supp.2d 314, 330 (D. Md. 2003) ("a reprimand, whether oral or written, does not per se significantly alter the terms or conditions of employment, but only becomes an adverse action if it works a real, rather than a speculative, employment injury"). Moreover, a slight change in duties, absent a showing that Plaintiff received less pay or fewer benefits or "even that her adjusted work was especially onerous or humiliating" does not constitute the requisite adverse employment action. *Talamantes v. Berkeley Cnty. Sch. Dist.*, 340 F. Supp. 2d 684, 699 (D.S.C. 2004). Here, Plaintiff has not alleged any change to the terms, conditions, or benefits of his employment. Plaintiff does not allege that his day-to-day job duties will change in any way, instead he alleges that he may now be asked to investigate cases based on sexual orientation discrimination, a class alleged to have recently been added to the list of protected classes by the EEOC.[4] Accordingly, Plaintiff has failed to allege an

---

[4] The Court notes that Plaintiff does not allege that he has ever investigated or been asked to investigate a claim of sexual orientation discrimination.

9

37

adverse employment action as required for a religious accommodation claim and, thus,

Plaintiff's Title VII claim should be dismissed.[5]

## CONCLUSION

Wherefore, based on the foregoing, it is recommended that the motion to dismiss

be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 21, 2014
Greenville, South Carolina

---

[5]Additionally, the Court is not convinced Plaintiff has alleged a conflict between his religious beliefs and a job requirement because Plaintiff has not asserted how his job of investigating allegations of sexual orientation discrimination would conflict with his religious beliefs that certain sexual behaviors are immoral or how his job of investigating sexual orientation discrimination would result in his condoning such behavior.

Moreover, if the district judge declines to adopt this Report and Recommendation with respect to the Title VII claims, Defendants the EEOC and Inzeo should be dismissed because they are not proper defendants. In a Title VII suit against a government entity, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 200e-16(c).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
CASE NUMBER: 6:13-CV-00257-MGL-JDA**

| | |
|---|---|
| Gregory Somers, | |
| Plaintiff, | |
| v. | **MOTION TO AMEND** |
| Equal Employment Opportunity Commission, an agency of the United States of America, Jacqueline A. Berrien, and Nicholas M. Inzeo, | |
| Defendants. | |

**TO:  TERRY HEARN BAILEY, ESQUIRE, AND RYAN PARKER, ESQUIRE, ATTORNEYS FOR DEFENDANTS EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, AN AGENCY OF THE UNITED STATES OF AMERICA, JACQUELINE A. BERRIEN, AND NICHOLAS M. INZEO, AND TO THE ABOVE-NAMED DEFENDANTS.**

YOU WILL PLEASE TAKE NOTICE that the Plaintiff, Gregory Somers, by its undersigned attorneys, will move before the Presiding Judge of the United States District Court, Florence Division at 10:00 a.m. on the tenth (10th) day after service hereof, or as soon thereafter as counsel may be heard, for an Order granting leave to amend the Complaint in this action pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

The basis for this motion is changed circumstances since the filing of the original Complaint, as set forth more fully in the attached Amended Complaint and Plaintiff's briefing in objection to the Report and Recommendations of the magistrate judge. See Rule 15(a)(2), FRCP ("The court should freely give leave to amend when justice so requires."); Rule 15(d) (permitting supplemental pleadings based upon events that occurred after the date of the original pleading).

*[signatures on next page]*

1

**39**

Respectfully submitted,

s/Timothy J. Newton
Timothy J. Newton, Esq. (Fed. I.D. #9807)
Murphy & Grantland, PA
P.O. Box 6648
Columbia, SC 29260
(803) 782-4100
tnewton@murphygrantland.com

Douglas A. Churdar, Esq. (Fed. I.D. #5220)
712 East Washington Street
Greenville, SC 29601
(864) 233-0203
dachurdar@churdarlaw.com

Attorneys for Plaintiff

Columbia, South Carolina
March 24, 2014

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION
### CASE NUMBER:

| | |
|---|---|
| Gregory Somers,<br><br>                     Plaintiff,<br><br>v.<br><br>Equal Employment Opportunity<br>Commission, an agency of the United States of<br>America, Jacqueline A. Berrien, and Nicholas<br>M. Inzeo,<br>                     Defendants. | **COMPLAINT FOR DECLARATORY RELIEF, COMPENSATORY DAMAGES, AND INJUNCTIVE RELIEF**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Gregory Somers, by and through his attorneys, for his Complaint against the Defendants United States Equal Employment Opportunity Commission (EEOC) and its above-referenced officers alleges as follows:

## INTRODUCTION

This is a case alleging religious discrimination and a failure to accommodate arising from Somers' employment as an investigator with the EEOC in Greenville, South Carolina. Despite the fact that federal law does not recognize sexual orientation as a protected class for employment discrimination purposes, the EEOC has, unilaterally and without authority to do so, attempted to expand the law so as to include sexual orientation as a protected class and is now unlawfully requiring its investigators, including Plaintiff Somers, to interpret and enforce the law so as to include sexual orientation discrimination as an unlawful employment practice. The Plaintiff is a Christian who, according to his sincerely held religious principles, believes that homosexual behavior is immoral and that, accordingly, he cannot become complicit in such immoral behavior by condoning, advocating, or affirming it. He also objects to being required to prosecute employers who exercise their religious freedom by making employment choices based upon their belief that sexual orientation is a personal choice that affects an individual's character.

1

In accordance with such principles, the Plaintiff believes that he cannot, without transgressing his sincerely held religious beliefs and violating his conscience, give special recognition to immoral sexual behaviors by enforcing sexual orientation employment discrimination as an unlawful employment practice or investigate and enforce the same. Accordingly, the Plaintiff made known to the EEOC his religious objection to working on cases based on allegations of sexual orientation discrimination and requested a religious accommodation that would have excused him from working on such cases. The EEOC denied the Plaintiff's requested accommodation despite the fact that doing so would not have imposed any undue hardship upon the EEOC.

The Plaintiff raises several claims in this Complaint:

a. The EEOC, in recognizing sexual orientation as a protected class when Congress has intentionally refused to do so and by requiring Somers as its employee to investigate and enforce federal anti-discrimination regulation on this basis, engaged in an *ultra vires* act beyond the EEOC's authority;

b. The EEOC, in failing to grant the Plaintiff his requested religious accommodation, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and

c. The EEOC's actions violated the Plaintiff's rights of Free Exercise of Religion under the First Amendment to the United States Constitution and the Religious Freedom Restoration Act (RFRA).

d. The EEOC's recognition of sexual orientation as a protected class violates various other constitutional and statutory provisions, including the Faithful Execution clause, the Establishment clause, and the Administrative Procedures Act.

2

**42**

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Parties

1.    Somers is an individual who at all times relevant hereto was a resident of Greenville, South Carolina and an employee of Defendant EEOC.

2.    Defendant EEOC is an agency and instrumentality of the United States Government that employs hundreds of employees, including Somers, and which is charged with enforcing United States employment discrimination law.

3.    Upon information and belief, Defendant Jacqueline A. Berrien is the Chair of the EEOC.

4.    Upon information and belief, Defendant Nicholas M. Inzeo is the Director of the Office of Field Programs for the EEOC.

### Jurisdiction and Venue

5.    This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Religious Freedom Restoration Act of 1993 ("RFRA").

6.    This Court also has jurisdiction pursuant to Title 28 U.S.C. §§ 1331, 1337 and 1343.  Federal questions jurisdiction is founded upon the existence of a deprivation of civil rights.

7.    Venue is proper in the Greenville Division of the United States District Court in and for the District of South Carolina pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Somers' claims for relief arise out of his employment by the EEOC in Greenville, South Carolina, where all relevant events and omissions supporting Somers' claims for relief occurred.

3

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8.      Somers was at all times relevant to this Complaint, and still is, employed by the EEOC to investigate and process claims under Title VII.

9.      The EEOC has the authority and responsibility to investigate and enforce alleged violations of, among other things, Title VII of the Civil Rights Act of 1964.

10.     Title VII prohibits employers from discriminating "because of . . . sex."

11.     On or about October 27, 2011, Somers received a memorandum drafted by Defendant Jacqueline A. Berrien.  [Doc. Entry 6.]  The EEOC Memorandum dated October 27, 2011 stated that the EEOC's policy is to reflect an alleged trend toward increased recognition by courts "that because discrimination against lesbian, gay, bisexual, and transgender (LGBT) people often centers on the ways in which they do not conform to traditional gender stereotypes, such discrimination may be actionable under Title VII's prohibition on sex discrimination."

12.     The memorandum represented a significant departure from the EEOC's past approach to handling claims of discrimination by "lesbian, gay, and bi-sexual people."

13.     On November 9, 2012, the EEOC issued a follow-up memorandum from Nicholas M. Inzeo, Director of the Office of Field Programs.  [Doc. Entry 6-1.]  The memorandum states that EEOC's policy is that discrimination because of "transgender" or "gender identity disorder" is "discrimination because of sex" under Title VII.  The memorandum further states that employment discrimination because of LGBT behavior is actionable under Title VII.  The October 27, 2011 memorandum and the November 9, 2012 memorandum are hereinafter collectively referred to as "the Directives."  Somers is a practicing Christian whose sincerely held religious beliefs prevent him from processing claims based upon "sexual orientation."

14.     The EEOC's expansion of sex discrimination to include LGBT behavior and/or

4

**44**

status provides such with a special, exclusive protected status which is not available to the many other bases for which employment decisions are made that are not protected by federal law. As a result, employers are prohibited from considering sexual orientation or LGBT in any employment decisions, whether the employer views these things to affect an employee's character or fitness for the position or not.

15.    Somers' beliefs are based upon the Bible, which proscribes many types of immoral actions, including adultery, homosexual conduct, and various other sexual practices, including LGBT behaviors. Furthermore, Somers' beliefs reflect longstanding and widespread understanding that such conduct involves personal choices over which an individual has control, rather than an unalterable expression of an individual's gender from innate physical characteristics.

16.    Accordingly, it would constitute a violation of Somers' sincerely held religious beliefs for him to be forced to investigate cases based on the premise that homosexual and LGBT behavior is a statutorily protected class.

17.    On or about November 10, 2011, Somers requested that the EEOC grant him a religious accommodation so that cases involving allegations of discrimination based upon sexual orientation be assigned or transferred to another investigator in Somers' station.

18.    On or about January 13, 2012, and continuing thereafter up to the present, the EEOC denied Somers' request for a religious accommodation.

19.    Somers' religious accommodation request would not impose an undue hardship on the EEOC.

20.    The EEOC never made any attempt to accommodate Somers' religious accommodation request.

21.     The EEOC never offered Somers any accommodation as an alternative to the one Somers requested.

22.     Because of the EEOC's actions, Mr. Somers has suffered and continues to suffer monetary damages as well as emotional distress and a real threat of adverse employment action.

23.     Somers timely filed a complaint with the EEOC, has met all procedural requirements, and has exhausted his administrative remedies.

24.     The EEOC issued its final decision on or about December 19, 2012.

25.     On or about March 1, 2014, the EEOC assigned Somers a case involving discrimination based on LGBT.

26.     Somers renewed his request for a religious accommodation based on the assignment of this new case. A copy of Somers' request is attached as Exhibit A.

27.     Due to the assignment of this new LGBT case, Somers has been placed in a difficult position in which he must either violate the EEOC's directives and its denial of his request for a religious accommodation or violate his conscience and sincere religious belief that based on the Bible he should not become complicit in this type of behavior by condoning, advocating, or affirming, it, or prosecuting employers that exercise their religious freedoms in violation of the EEOC's new rule.

28.     As a result, Somers has suffered great mental and emotional distress and has been made to feel that he is an outsider and that he must change his behavior or "toe the party line" on a controversial ideological issue.

29.     Moreover, Somers objects to being required to prosecute those who disagree with the EEOC's position on a hotly debated ideological issue based on their religious freedoms of choice and association.

30.     Somers has incurred and continued to incur costs and is entitled to an award of reasonable attorney's fees and costs.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Ultra Vires Acts)

31.     Somers hereby restates in their entirety and incorporates herein by this reference all previous allegations of this Complaint.

32.     Title VII prohibits an employer, including a federal government employer such as the EEOC, from discriminating against an employee on the basis of "race, color, religion, sex, or national origin."

33.     Title VII does not explicitly prohibit an employer from discriminating on the basis of sexual orientation or gender identity.

34.     By not including sexual orientation or gender identity in Title VII, Congress made clear that it did not intend Title VII to prohibit an employer from discriminating on the basis of sexual orientation or gender identity.

35.     Indeed, in every Congress since 1994, except the 109th Congress, the Employment Non-Discrimination Act ("ENDA")—which, if enacted, would prohibit discrimination in employment on the basis of sexual orientation or gender identity—has been introduced, but never enacted, thereby expressly evidencing Congress's intent not to extend Title VII's non-discrimination protections to sexual orientation or gender identity, including LGBT behavior.

36.     The EEOC is an agency of the Executive branch of the United States government.

37.     As an agency of the Executive branch of the United States government, the EEOC is charged with enforcing the law as Congress intended and may not itself change or extend that law.

38.     By extending Title VII protection to sexual orientation and gender identity—

7

**47**

classes that Congress did not include in its Title VII protections and that Congress has expressly and repeatedly refused to include in its Title VII protections—the EEOC has exceeded its authority and engaged in an *ultra vires* act.

39.     By extending Title VII protection to sexual orientation and gender identity, the EEOC has violated the separation of powers doctrine.

40.     Plaintiff seeks a declaratory judgment to these effects, together with corresponding injunctive relief.

### SECOND CLAIM FOR RELIEF
**(Religious Discrimination**
**Failure to Accommodate In Violation of Title VII)**

41.     Somers hereby restates in their entirety and incorporates herein by this reference all previous allegations of this Complaint.

42.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(j) provides that an employer's failure to provide reasonable religious accommodation of an employee's religious beliefs or observances constitutes unlawful religious discrimination.

43.     Title VII requires employers, including a federal government employer such as the EEOC, to accommodate the religious beliefs and practices of their employees unless such accommodation would impose "undue hardship" on the employer.

44.     The EEOC is and was at all times relevant hereto Somers' employer.

45.     Somers is and was at all times relevant hereto an employee of the EEOC.

46.     Somers has a sincerely held religious belief that giving special recognition to LGBT behaviors or status by investigating charges based on sexual orientation or gender identity and telling employers they are in violation of federal law to discriminate based on sexual orientation or gender identity despite their religious beliefs would be immoral and would violate

8

Somers's sincerely held religious beliefs.

47.    Somers's sincerely held religious beliefs conflict with the job requirement that Somers work on charges based on sexual orientation or gender identity under the circumstances directed by the Defendant.

48.    Somers explicitly notified the EEOC of the conflict between his sincerely held religious beliefs and the job requirement that Somers work on charges based on sexual orientation or gender identity.

49.    Somers requested an accommodation of his religious beliefs and exercise, requesting that he not be assigned to work on charges based on sexual orientation or gender identity.

50.    The EEOC knew of the conflict between Somers' religious beliefs and the job requirement that Somers work on sexual orientation and/or gender identity discrimination charges.

51.    Despite Somers' request for a religious accommodation, the EEOC failed and refused to make any accommodation of Somers' religious beliefs and observance.

52.    Accommodating Somers' request would not impose any undue hardship on the EEOC.

53.    The EEOC's failure to provide Somers with a reasonable accommodation for Plaintiff's religious beliefs violated Title VII.

54.    As a proximate result of the EEOC's discriminatory actions, Somers has suffered harm, including but not limited to monetary damages, mental anguish and emotional and physical distress.

55.    Plaintiff seeks a judgment to this effect, together with corresponding injunctive relief.

### THIRD CLAIM FOR RELIEF
**(Violation of the Free Exercise Clause)**

56.    Somers hereby restates in their entirety and incorporates herein by this reference all previous allegations of this Complaint.

57.    The First Amendment to the Constitution of the United States provides, in pertinent part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."

58.    The EEOC's adoption of the directives and requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs is not neutral toward religion.

59.    The EEOC's adoption of the directives and requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs burdens Somers' exercise of religion.

60.    The EEOC's adoption of the directives and requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs does not further a compelling governmental interest.

61.    The EEOC's adoption of the directives and requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs is not the least restrictive means of furthering any compelling governmental interest.

62.    The EEOC's adoption of the directives and requirement that Somers be assigned to work on cases of sexual orientation discrimination violates the Free Exercise clause of the

10

United States Constitution.

63.    Plaintiff seeks a judgment to this effect, together with corresponding injunctive relief.

### FOURTH CLAIM FOR RELIEF
### (Violation of RFRA)

64.    Somers hereby restates in their entirety and incorporates herein by this reference all previous allegations of this Complaint.

65.    The Religious Freedom Restoration Act of 1993 provides, in pertinent part, that:

(a) In General:

Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.

(b) Exception:

Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person –

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

(c) Judicial Relief:

A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.  . . . .

66.    The EEOC's requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs is not neutral toward religion.

67.    The EEOC's adoption of the directives and requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs burdens Somers' exercise of religion.

11

68.     The EEOC's adoption of the directives and requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs does not further a compelling governmental interest.

69.     The EEOC's adoption of the directives and requirement that Somers be assigned to work on cases of sexual orientation discrimination in violation of Somers' sincerely held religious beliefs is not the least restrictive means of furthering any compelling governmental interest.

70.     The EEOC's adoption of the directives and requirement that Somers be assigned to work on cases of sexual orientation discrimination violates RFRA.

71.     As a proximate result of the EEOC's actions as described herein, Somers has suffered harm, including but not limited to monetary damages, mental anguish and emotional and physical distress,

72.     Plaintiff seeks a judgment to this effect, together with corresponding injunctive relief.

### FIFTH CLAIM FOR RELIEF
#### (Declaratory Judgment
#### Violation Of Faithful Execution Clause)

73.     Somers realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74.     Article I, section 1 of the United States Constitution provides that "all legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives."

75.     Article II, section 3 of the United States Constitution requires that the President, by and through his executive branch officials, including Defendants, "shall take Care that the

12

Laws be faithfully executed."

76.     All elected officials are bound by their oath of affirmation to support the Constitution.  Art. 6, ¶ 3.

77.     Article IV, section 4 of the United States Constitution guarantees "a Republican Form of Government."

78.     Numerous provisions in the United States Constitution protect the right of the citizens of this country to participate in the legislative process through elected representatives. Art. I, §§ 2 and 3; Art. II, § 1; Amends. XII; XIV, § 2; XV; XVII; XIX; XXIV; XXVI.

79.     Many of the complaints against the king of England which are enumerated in the Declaration of Independence involve usurpation by the executive branch of the legislative process.

80.     Collectively, these provisions were designed to limit the power of the executive branch, to prevent it from arbitrarily imposing its will on the people and thereby depriving them of their right to be governed by consent.

81.     Accordingly, the President and his executive branch officials, by taking the Oath of Office, assumed a duty to refrain from using its power in an arbitrary or despotic manner which circumvents or diminishes the Constitutional protection of legislation solely through elected representatives.

82.     The classification of LGBT behaviors for protection as gender discrimination under Title VII, and the larger controversy surrounding homosexual advocacy and so called gay marriage, is a controversial political issue upon which opinions are sharply divided among the citizens of this country.

13

83.    Title VII protects against discrimination because of sex, but it does not protect against discrimination because of sexual orientation, gender identity disorder, or LGBT behaviors.

84.    By unilaterally adopting a position not grounded in the language of the Civil Rights Act, and by taking sides in a political controversy, and mandating enforcement of a position that has been repeatedly rejected by Congress, the EEOC has violated Article II, section 3 of the United States Constitution.

85.    Plaintiff seeks a declaratory judgment to these effects, together with corresponding injunctive relief.

## SIXTH CLAIM FOR RELIEF
### (Violation of The Administrative Procedure Act)

86.    Somers realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.    The Administrative Procedure Act (APA) requires the EEOC to comply with the requirements of the APA prior to promulgating rules and regulations.  5 U.S.C. § 553.

88.    The EEOC has failed to comply with these requirements prior to issuing the Directives, violating the APA.

89.    Accordingly, the EEOC's attempted rule change violates the APA and void and without effect.

90.    Plaintiff seeks a declaratory judgment to this effect, together with corresponding injunctive relief.

## SEVENTH CLAIM FOR RELIEF
### (Violation of the Establishment Clause)

91.    Somers realleges and incorporates by reference all preceding paragraphs as

14

though fully set forth herein.

92.     The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."

93.     The EEOC is a federal administrative agency created by Congress and operating under the executive branch of the federal government. 42 U.S.C. § 2000e-4. It is therefore a state actor, bound by the protections of the United States Constitution.

94.     Under federal law, the EEOC has authority to "prevent any person from engaging in any unlawful employment practice." 42 U.S.C. § 2000e-5(a).

95.     The EEOC has authority to investigate and "endeavor to eliminate" alleged unlawful employment practices. 42 U.S.C. § 2000e-5(b).

96.     The EEOC is empowered to enforce its authority by bringing civil actions against employers it deems to be engaging in unlawful employment practices. 42 U.S.C. § 2000e-5(f)(1). The EEOC may seek an order enjoining an employer from engaging in unlawful employment practices. 42 U.S.C. § 2000e-5(g)(1). The EEOC may also seek affirmative relief in the form of "reinstatement or hiring of employees, with or without back pay, or other equitable relief the court deems appropriate. Id. Furthermore, the EEOC may seek an award of attorney's fees, expert fees, and costs. 42 U.S.C. § 2000e-5(k).

97.     Accordingly, the EEOC has power to bring the coercive power of the federal government to force employers to comply with its mandates with regard to employment practices it deems unlawful.

98.     Through the EEOC Directives identified herein, the EEOC has defined discrimination based upon sexual orientation as an unlawful employment practice under the

Equal Employment Opportunity Act, thereby subjecting employers to the coercive power of the state and mandating the employers comply with its position on this issue.

99.    The EEOC's Directives contravene Somers' sincere religious beliefs as set forth in the Bible, which does not treat sexual orientation and LGBT as the same thing as gender, and which calls all people to renounce sinful practices, including LGBT, and to receive empowerment from God to overcome sin.

100.    By adopting a policy in which practices embraced by the LGBT community are recognized as fundamental rights and that impliedly require Somers to renounce his belief, based not only on sincerely held religious beliefs, but also based on external evidence, the EEOC has established for its employees an "orthodoxy" and "orthopraxy."

101.    Through its Directives, the federal government has taken a position in opposition to a particular religious belief, thus establishing an official government orthodoxy and a mechanism for coercive enforcement and punishment of religious dissenters.

102.    The adoption of this ideological position of necessity means that all contradictory positions, including Somers' sincerely held religious beliefs about LGBT behaviors, are heretical and "wrong." This is tantamount to establishing a religious dogma and using EEOC employees as henchmen to enforce it.

103.    By requiring its investigators to enforce employment discrimination laws against employers for exercising their sincerely held religious beliefs, the EEOC has not only established an official government position on a religious issue, it has commandeered EEOC employees to participate in its discrimination against religious dissenters.

104.    As such, the EEOC's ideological position violates the First Amendment's Establishment Clause and is therefore unconstitutional.

105.    Moreover, by refusing to grant Somers a religious accommodation, the EEOC has demonstrated its hard-line official position on a religious issue and violated Somers' religious rights by forcing him to choose between God and Caesar.

106.    Plaintiff seeks a declaratory judgment to these effects, together with corresponding injunctive relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Somers respectfully requests that the Court enter judgment in favor of Somers and against the EEOC, including but not limited to the following:

(A)    A Declaratory Judgment declaring that the EEOC has no authority to include sexual orientation or gender identity as a protected class for Title VII purposes, either under the aegis of sex discrimination or otherwise;

(B)    An injunction enjoining the EEOC from including sexual orientation and gender identity as protected classes for Title VII purposes;

(C)    A judgment declaring that the EEOC has violated Title VII by refusing to accommodate Somers' religious beliefs and practices and reversing the EEOC's Order dated December 19, 2012;

(D)    An injunction requiring the EEOC to accommodate Somers' religious beliefs and practices and requiring it to implement Somers' requested accommodation, namely that cases involving allegations of discrimination based on sexual orientation or gender identity be transferred to another investigator in Somers' station;

(E)    A judgment vacating the October 27, 2011 and November 9, 2012 Directives of the EEOC;

(F)    A judgment, awarding Somers all damages suffered by Somers on account of the

EEOC's actions, including monetary damages for actual and compensatory losses, mental anguish and emotional and physical distress, all as proven at trial;

(G)     An order awarding Somers his reasonable attorneys' fees and costs incurred in this action and other disbursements pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k); and

(H)     Orders that this Court temporarily restrain, preliminarily enjoin, and permanently enjoin Defendants and their subordinate officers, employees, and agents from implementing or enforcing the above-referenced directives, or taking any adverse actions against Somers pursuant to the directives or for not following the directives.

(I)     Such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

106.     Somers hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

s/Timothy J. Newton
Timothy J. Newton, Esq. (Fed. I.D. #9807)
Murphy & Grantland, PA
P.O. Box 6648
Columbia, SC 29260
(803) 782-4100
tnewton@murphygrantland.com

Douglas A. Churdar, Esq. (Fed. I.D. #5220)
712 East Washington Street
Greenville, SC 29601
(864) 233-0203
dachurdar@churdarlaw.com

Attorneys for Plaintiff

Columbia, South Carolina
March 24, 2014

March 10, 2014

Patricia Fuller, Director
U.S. Equal Employment Opportunity Commission
Greenville Local Office
Hand-delivered

Dear Pat:

As you know, I requested a religious accommodation to be exempted from handling cases in which the claim is for discrimination based on sexual orientation or lesbianism, homosexuality, bisexuality, or transgender status (LGBT) due to my religious beliefs. My request is based on the tension between honoring the Lord Jesus Christ with regard to His teachings on sexual immorality and following the Commission's assignment to give special protection to individuals based on LGBT. While I understand I am not responsible for making the law in my role as Investigator, I do not want to protect or be complicit in encouraging immoral behavior.

Furthermore, for the same reason, the tension involves my role in communicating to business managers that they are required to violate their religious beliefs and/or conscience to comply with Title VII, or that they have violated Title VII by following them.

I again request that the Commission discuss with me my concerns and whether any accommodation can be reached. The Commission's vocal support and counsel to employers to have open dialogue, respectfully learn what the religious beliefs and concerns are, and explore potential accommodations, has not been done with me.

I recently received a case involving allegations of discrimination on the basis of a sexual lifestyle which I believe causes a person to miss out on the glorious blessings of God and experience great pain. The Charge Number is 436-2014-00399. Because my appeal of the EEOC's denial of my request for a religious accommodation is still pending, I respectfully request - as a religious accommodation - that this case be assigned to another Investigator or office.

Accordingly, I am renewing my request for a religious accommodation as to cases involving discrimination based on LGBT.

Thank you for your consideration.

Sincerely,

Gregory B. Somers

EXHIBIT A

59

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gregory Somers, | ) | Civil Action No.: 6:13-00257 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Equal Employment Opportunity | ) | |
| Commission, Jacqueline A. Berrien, | ) | |
| Nicholas M. Inzeo, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Gregory Somers ("Plaintiff") filed this action on January 28, 2013, against Defendants Equal Employment Opportunity Commission ("EEOC"), Jacqueline A. Berrien, and Nicholas M. Inzeo ("Defendants") alleging, inter alia, religious discrimination and failure to accommodate arising from Plaintiff's employment as an EEOC investigator.

Defendants filed a Motion to Dismiss on April 5, 2013. (ECF No. 12.) Plaintiff filed his response on April 22, 2013 (ECF No. 13) and Defendants filed a reply and supplemental reply. (ECF No. 17, 25.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Jacquelyn D. Austin for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation which recommends that Defendants' Motion to Dismiss be granted. (ECF No. 32.) Plaintiff filed timely objections to the Report and Recommendation (ECF No. 35.) For the reasons set forth herein, this Court adopts the Report and Recommendation and Defendants' Motion to Dismiss is GRANTED.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. In his complaint, Plaintiff alleges that the EEOC is forcing its investigators, including Plaintiff, to interpret and enforce the law as if it includes sexual orientation discrimination as an unlawful employment practice. (ECF No. 1.) Plaintiff further alleges that he holds sincere religious beliefs that homosexual behavior is immoral and, that he notified the EEOC of his religious objection to working on cases based on allegations of sexual orientation discrimination. Plaintiff requested a religious accommodation that would have excused him from working on these cases but the EEOC denied Plaintiff's requested accommodation which led to the eventual filing of this lawsuit. On April 5, 2013, Defendants filed the instant Motion to Dismiss. (ECF No. 12.) The Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted. (ECF No. 32.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

-2-

**DISCUSSION**

The Magistrate Judge concluded that several counts (Counts One, Three, Four, Five and Six) of Plaintiff's complaint are preempted by Title VII as the exclusive preemptive administrative and judicial scheme for the redress of federal employment discrimination. (ECF No. 32 at 6.) The Magistrate Judge then concluded that Plaintiff's Title VII claim for religious discrimination and failure to accommodate (Count Two) is subject to dismissal based on Plaintiff's failure to allege an adverse employment action as required for a religious accommodation claim. (ECF No. 32 at 9-10.)

Plaintiff objects to the Magistrate Judge's characterization of his claims and suggests that the Magistrate Judge failed to take into account a split in the case law as to the scope of Title VII's exclusivity. (ECF No. 35 at 1-3.) Plaintiff also challenges the EEOC's directives by arguing that the EEOC has not proved that lesbianism, homosexuality, bisexuality, and trans-genderism (collectively "LGBT") is the same as gender. (ECF No. 35 at 4.) He also maintains that the EEOC's directives are in direct conflict with biblical teachings and his sincerely held religious beliefs. (ECF No. 35 at 3-5.) Thus, Plaintiff maintains his opposition to the EEOC directives, which he claims would require him, as an EEOC investigator, to investigate claims which do not comport with his sincerely held religious beliefs and to tell business managers that they have violated Title VII thereby violating his conscience. (ECF NO. 35 at 7.) Finally, Plaintiff asks the Court to reconsider the Magistrate Judge's recommended disposition based on a "change of circumstances"—mainly that Plaintiff has now been assigned a case involving discrimination based on sexual lifestyle and has renewed his request for a religious accommodation. (ECF No. 35 at 8-9.) In the alternative, Plaintiff requests leave to amend

-3-

his complaint to assert an Establishment Clause violation which Plaintiff argues provides a separate and independent right not subject to Title VII preemption. (ECF No. 35 at 9.)

Defendants filed a reply to the Plaintiff's Objections highlighting that Plaintiff's objections fail to identify allegations from his complaint that, if proven, show a conflict between his religious beliefs and a job requirement. (ECF No.36 at 9.) Defendants argue that the newly added factual material made part of Plaintiff's objections, fails to demonstrate that Plaintiff has suffered an adverse employment action as required to establish a Title VII claim. (ECF No. 36 at 7.) Plaintiff filed a reply memorandum in support of his objections to the Report and Recommendation of the Magistrate Judge which this Court has reviewed. (ECF No. 37.)

The Court finds that the Magistrate Judge prepared an extensive and detailed Report and Recommendation that appropriately addressed and characterized the parties' arguments and claims. As noted by the Magistrate Judge, it is well settled that federal employees are subject to Title VII and that other statutory remedies for discrimination in employment are preempted by Title VII. *See Brown v. General Services Administration*, 425 U.S., 820, 829 (1976) (recognizing Title VII as the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination."). Accordingly, in view of his complaint, the Magistrate Judge properly determined that all of Plaintiff's claims derive from his objection to investigating cases of alleged sexual orientation discrimination due to his religious beliefs and are thus preempted. The cases Plaintiff cites in his objections as evidence of a "so-called circuit split" are entirely distinguishable, i.e., primarily concern possible preemption relative to some state law claims, and do not call for a different result.

-4-

Simply put, Plaintiff, a federal employee, apparently challenges the EEOC policy directives as they impact *his* employment duties and complains that the EEOC failed to accommodate *his* sincerely held religious beliefs. The applicability of *Brown* and its holding regarding federal preemption is clear and Plaintiff's objection on the point has no merit because even Plaintiff's purported constitutional claims are directly related to his claims of discrimination. *See Pueschel v. United States*, 369 F.3d 345, 353 (4th Cir. 2004)(finding that the plaintiff's Federal Tort Claims Act suit seeking relief for harms allegedly suffered as a result of being subjected to discrimination during her employment with the Federal Aviation Administration were properly dismissed without prejudice on preemption grounds in light of *Brown); see also Owens v. United States*, 822 F.2d 408, 410 (3d Cir. 1987)(concluding that Title VII provides federal employees with a remedy that precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation.) Accordingly, this Court agrees that Plaintiff's claims that could be asserted in a Title VII lawsuit—Counts One, Three, Four, Five, and Six—are preempted by Title VII and are thus dismissed.

The crux of the Magistrate Judge's Report and Recommendation is that Plaintiff failed to establish an adverse employment action and thus, failed to state a claim under Title VII. In order to state a prima facie religious accommodation claim, a plaintiff must establish that: (1) he has a bona fide religious belief that conflicts with an employment requirement; (2) he informed the employer of this belief; and (3) he was disciplined for failure to comply with the conflicting employment requirement. *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996). In recommending this Court dismiss

-5-

**64**

Plaintiff's claims, the Magistrate Judge found that Plaintiff failed to allege an adverse employment action as required for a religious accommodation claim. (ECF No. 32 at 8-10.) Plaintiff does little to dispute this finding in his objections or in his reply memorandum other than arguing that refusal to make a reasonable accommodation, in and of itself, violates Title VII. (ECF No. 37 at 3.) The argument was considered by the Magistrate Judge and is ultimately unavailing. *See Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001) *overruled on other grounds by Burlington N. & Santa Fe. Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006) ("Adverse employment action includes any retaliatory act or harassment if, but only if, that act or harassment results in an adverse effect on the 'terms, conditions, or benefits' of employment"(quoting *Munday v. Waste Mgmt. of N. Am.*, 126 F.3d 239, 243 (4th Cir. 1997)).

Plaintiff also "requests reconsideration based on change of circumstances." (ECF No. 35 at 8) which is directed at this Court and is construed as an objection to the Magistrate Judge's recommendation on a dispositive pretrial issue. Plaintiff indicates that he has now been assigned a case involving discrimination based on sexual lifestyle as evidenced by the renewed request for accommodation that he has attached to his objections. (ECF No. 35 at 8-9.) The Court cannot conclude that Plaintiff's new accommodation request casts any doubt on the well-reasoned findings of the Magistrate Judge. To the contrary, Plaintiff's new accommodation request of March 10, 2014— without any accompanying response from the EEOC as to whether the request was granted or denied—only highlights the importance of the administrative exhaustion process. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) (explaining that Title

-6-

VII's exhaustion requirement "reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes.")

Plaintiff's remaining objections are, based on Plaintiff's own classification, an assortment of points apparently intending to highlight a conflict between the EEOC policy and Plaintiff's religious beliefs. (ECF No. 35 at 3-8.) The Court has accepted Plaintiff's allegations as true and has viewed them in a light most favorable to Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Still, Plaintiff's allegations are insufficient to survive a motion to dismiss. Plaintiff's objections fail to cast any doubt on the Magistrate Judge's reasoning and analysis.

In sum, the Court concludes that Plaintiff has failed to put forth any legitimate grounds as to why the Report and Recommendation should not be adopted as this Court's order. Accordingly, all objections are overruled, and the Report and Recommendation is incorporated herein by reference.

Finally, Plaintiff requests leave to amend to assert an Establishment Clause cause of action which he purports constitutes a separate and independent right. (ECF No. 35 at 9; ECF No. 37 at 8.) To that end, on March 24, 2014, Plaintiff filed a Motion to Amend attaching a proposed complaint which adds an Establishment Clause claim for relief based on "changed circumstances." (ECF No. 39 at 1.) Ordinarily, "the court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a); *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir.1999) (noting that the disposition to amend is within the sound discretion of the district court). A district court may deny a

-7-

party's motion to amend if allowing the amendment would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."); *see also United States v. Pittman*, 209 F.3d 314, 317 (4th Cir.2000); *Shealy v. Winston*, 929 F.2d 1009, 1014 (4th Cir.1991). Plaintiff's proposed amendment would not survive a subsequent motion to dismiss and would be subject to dismissal for the same reasons articulated by the Magistrate Judge concerning Plaintiff's initial complaint. Accordingly, leave to amend is denied as futile.

### CONCLUSION

The Court has carefully reviewed the objections made by Plaintiff and has conducted the required *de novo* review. After considering the motion, the record, the Report and Recommendation of the Magistrate Judge and all responses, this Court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted and incorporated herein by reference. Therefore, it is ORDERED that and Defendants' Motion to Dismiss (ECF No. 12) is GRANTED and the Court hereby dismisses the claims against Defendants without prejudice. Additionally, Plaintiff's Motion to Amend (ECF No. 39) is DENIED.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
March 25, 2014

-8-

AO 450 (SCD 04/2010)   Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of South Carolina

| | | |
|---|---|---|
| Gregory Somers | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    6:13-257-MGL |
| Equal Employment Opportunity Commission, | ) | |
| Jacqueline A. Berrien, Nicholas M. Inzeo | ) | |
| *Defendant* | ) | |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($__), which includes prejudgment interest at the rate of ____ %, plus postjudgment interest at the rate of ____ %, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____.

■ other: Defendants Equal Employment Opportunity Commission, Jacqueline A. Berrien, Nicholas M. Inzeo's Motion to Dismiss is granted and Plaintiff Gregory Somers Motion to Amend is denied.

This action was *(check one)*:

☐ tried by a jury, the Honorable _____ presiding, and the jury has rendered a verdict.

☐ tried by the Honorable _____ presiding, without a jury and the above decision was reached.

■ decided by the Honorable Mary G. Lewis.

Date:   March 26, 2014                                CLERK OF COURT

                                                s/Angela Lewis, Deputy Clerk
                                        _____
                                        *Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION
## CASE NUMBER:  6:13-CV-00257-MGL

| | |
|---|---|
| Gregory Somers,<br><br>                            Plaintiff,<br><br>v.<br><br>Equal Employment Opportunity<br>Commission, an agency of the United States of<br>America, Jacqueline A. Berrien, and Nicholas<br>M. Inzeo,<br><br>                           Defendants. | **NOTICE OF APPEAL** |

Notice is hereby given that Plaintiff Gregory Somers in the above-captioned case, hereby appeal to the United States Court of Appeals for the Fourth Circuit from the Judgment entered in this action on the 26th day of March, 2014.

s/Timothy J. Newton
Timothy J. Newton, Esq. (Fed. I.D. #9807)
Murphy & Grantland, PA
P.O. Box 6648
Columbia, SC 29260
(803) 782-4100
tnewton@murphygrantland.com

Douglas A. Churdar, Esq. (Fed. I.D. #5220)
712 East Washington Street
Greenville, SC 29601
(864) 233-0203
dachurdar@churdarlaw.com

Attorneys for Plaintiff

May 27, 2014

1